[No. 2622.]

JACK HEATHERLY *v.* THE STATE.

JUDGMENT IN MISDEMEANOR CASES.—In a prosecution for a misdemeanor,
where the punishment provided by law was by pecuniary fine, the de-
fendant did not appear in person but by attorney, and was convicted.
The judgment of the court was that "execution or commitment may
issue" for the fine and costs. *Held,* that such was not a valid final judg-
ment, and that the judgment should have been that *capias* issue for the
arrest of the defendant, commanding his detention in jail until the pay-
ment of the fine and costs, and that execution may issue against his prop-
erty for the fine and costs. For want of a valid final judgment, the ap-
peal is dismissed.

APPEAL from the County Court of Grayson. Tried below be-
fore the Hon. S. D. Steedman, County Judge.

The prosecution in this case was based upon an information
charging the appellant, as a robust person, with an aggravated
assault upon T. M. James, an aged and decrepit person. The
trial resulted in the conviction of the appellant, and he was
fined twenty-five dollars.

*Finlay & Pasco,* for the appellant.

*J. H. Burts,* Assistant Attorney General for the State.

WILLSON, JUDGE. Defendant was convicted of a misdemeanor, and the punishment assessed against him was a pecuniary fine only. He was not present in court when the conviction was had, which fact appears by the recital in the judgment that he appeared by attorney. Being absent, the judgment of the court should have been that a *capias* forthwith issue commanding the sheriff to arrest him and commit him to jail until the fine and costs are paid, and also that execution may issue against his property for said fine and costs. (Art. 805, Code Crim. Proc.)

In this case the judgment commands that *"execution or commitment may issue"* for the fine and costs. This judgment is not in compliance with the mandatory requirements of the law, and is not such a final judgment as will give this court jurisdiction of this appeal. Because of this defect in the judgment, the motion of the Assistant Attorney General to dismiss the appeal is sustained, and the appeal is dismissed.

*Appe    dismissed.*

Opinion delivered April 7, 1883.